I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATE: April 3, 2009
DEPUTY CLERK

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
APR - 3 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

GABRIEL ANTHONY LEON,
Petitioner,
v.
HEDGEPATH,
Respondent.

Case No. SACV 09-00323 R (AN)

**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED**

## I. BACKGROUND

Before the Court is a Petition for a writ of habeas corpus ("Petition") brought by Gabriel Anthony Leon ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises five claims directed at Petitioner's 2004 conviction and related sentence of 28 years and 4 months that he sustained following a jury trial in the California Superior Court for the County of Orange (case no. 02CF2467). (Pet. at 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///

///

///

The face of the Petition and relevant state court records[1] show Petitioner sustained his underlying conviction on May 6, 2004, and was sentenced on September 10, 2004. (Pet. at 2; Official records of California courts.) The Petition and relevant state court records also establish that the California Supreme Court (case no. S142436) denied his petition for review on May 10, 2006, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. at 2-3; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, Petitioner's judgment became final on August 8, 2006, the ninetieth day after the state high court denied his petition for review and the last date for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, August 9, 2006, and ended a year later on August 8, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitation period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not sign, date, and constructively file his pending Petition in this matter until March 6, 2009[2] -- 576 days after the expiration of the limitation period.

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). The Court finds Petitioner is not entitled to a constructive filing date of January 26, 2009, the date he signed the pending Petition and proof of service. (Pet. at 8; Proof of Service.) Petitioner may have signed these documents on January 26, 2009, however, the attached prison trust account statements (that immediately follow
(continued...)

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C. Statutory Tolling**

AEDPA provides a statutory tolling provision that suspends the limitation period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitation period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

---

[2/] (...continued)
the proof of service) were not signed and certified by the California Department of Corrections ("CDC") until March 6, 2009. (Dkt #1, Certificate of Funds; Inmate Statement Report.) Further, the Petition and accompanying certified prison trust account statements were mailed together in an envelope that is postmarked March 11, 2009; the envelope was received by the Clerk's Office on March 13, 2009. Consequently, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on March 6, 2009, the earliest date that he could have received the certified trust account statements from the CDC and presumably delivered these statements and the attached Petition to prison authorities for mailing to the Clerk's Office.

On December 22, 2006[3] -- 135 days after the one-year limitation period started to run on August 9, 2006 -- Petitioner filed his first state habeas petition with the superior court (case no. M-11153), leaving 230 days remaining before the limitation period expired. Under AEDPA, Petitioner is not entitled to statutory tolling for this 135-day period because there was no case "pending" during this interval. *See Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1006.

Petitioner is entitled to "one full round" of statutory tolling from December 22, 2006, to April 16, 2008, the period during which his three state habeas petitions were pending and later denied in the trial court and both state appellate courts.[4] 28 U.S.C. § 2244(d)(2); *Bonner*, 425 F.3d at 1148; *Saffold*, 536 U.S. at 220-22 (holding that in the absence of undue delay, a petitioner in California is normally entitled to "one full round" of collateral review in state court "free of federal interference"); *see also Welch v. Carey*, 350 F.3d 1079, 1082 (9th Cir. 2003); *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003). (Pet. 4; Official records of California courts.) Given 481 days of statutory tolling, the statutory limitation period was extended from August 8, 2007, to December 1, 2008.

Petitioner then waited until March 6, 2009-- another 95 days after the extended

---

[3]    State court appellate records obtained directly from the clerk of the California Superior Court for Orange County establish December 22, 2006, as the date the first state habeas petition was accepted by the clerk of the superior court for filing, a copy of which is attached to this Order as Exhibit 1. The state habeas petition was not signed or dated, and there is no proof of service establishing the date Petitioner actually delivered it to prison authorities for mailing to the state court. Therefore, for purposes of this timeliness analysis, the Court will use the actual filing date.

[4]    *See In re Gabriel Anthony Leon on Habeas Corpus*, No. M-11153, Cal. Super. Ct. for County of Orange (filed Dec. 22, 2006, denied Jan. 11, 2007); *Leon v. The Super. Ct. of Cal.*, No. G038344, Cal. App. Ct., 4th Dist./Div. 3 (filed Mar. 12, 2007, denied Aug. 16, 2007); *Leon (Gabriel A.) on H.C.*, No. S157430, Cal. Supreme Ct. (filed Oct. 22, 2007, denied Apr. 16, 2008). (Official records of California courts.)

limitation deadline to constructively file his pending Petition. Under AEDPA, Petitioner is not entitled to statutory tolling during this 95-day delay because no case was "pending." 28 U.S.C. § 2244(d)(2); *Thorson*, 479 F.3d at 646; *Nino*, 183 F.3d at 1005-07.

Accordingly, the Petition and relevant state court records establish that this Petition, constructively filed on March 6, 2009, is untimely by 95 days (the amount of untolled time between the new limitation deadline (12/01/08) and the Petition's constructive filing date (03/06/09)).[5]

**D. Alternative Start of the Statute of Limitations**

**1. State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

**2. Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled

---

[5] Even assuming, without finding, Petitioner constructively filed the Petition on January 26, 2009, the date he signed the Petition and attached proof of service, the Petition is still untimely by 56 days.

to relief under this provision.

**3. Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner's filings do not set forth any facts that show he is entitled to relief based upon a late discovery of the factual predicate.

**E. Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitation period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.").

Although the Ninth Circuit has found equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has repeatedly cautioned that "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same). "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Further, "[e]quitable tolling determinations are 'highly fact-dependent,'" *Id.* The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant

seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 336; *Pace*, 544 U.S. at 418. *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitation period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). Further, the petitioner must demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802.

Petitioner makes no express allegation that he is entitled to equitable tolling based on his alleged mental illness. However, by way of his first claim for relief raised in the pending Petition, Petitioner argues that his paranoid schizophrenia and previous use of methamphetamine before and during his trial affected the validity of his conviction for assault with a firearm upon his girlfriend Ramirez. (Pet. at 5-5O, Mem. at 1-8.)[6] Specifically, Petitioner argues there was insufficient evidence to support his conviction for assault with a firearm because he lacked the necessary intent to assault Ramirez due to his paranoid schizophrenia and use of methamphetamine at the time of the alleged assault. (*Id.*) To the extent Petitioner is claiming he is entitled to equitable tolling based on his mental illness, his claim fails.

The Ninth Circuit has held that a *pro se* petitioner's mental incompetence may

---

[6] The documents inserted after page 5 of the Petition are not designated or numbered in the manner required by the pagination rules under Local Rules 11-3.3 and 11.5.2. For ease of reference, the Court has used Petitioner's designation of "Page-5-of-10-A" through "Page-5-of-10-O" as "5A" through "5O", inclusive.

constitute an "extraordinary circumstance" that warrants equitable tolling if it affects his ability to file a timely habeas petition. *Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003); *see also Brown v. McKee*, 232 F. Supp. 2d 761, 767-38 (E.D. Mich. 2002) (to establish a credible equitable tolling claim based on mental incompetence, a petitioner must meet the "burden of showing that the mental health problems rendered him unable to file a habeas petition during the one year limitations period"). In other words, as explained by the Seventh Circuit, a petitioner's mental illness tolls the limitation period only if "the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). On the other hand, where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (Not clear error to find equitable tolling inapplicable where prisoner fails to show causal connection between physical and mental disabilities and inability to timely file petition).

Here, Petitioner's filings do not set forth any facts or evidence of ongoing periods of mental incompetency, or that his mental disabilities prevented him from filing on time. Since his conviction in 2004, Petitioner's own exhibits and actions establish he filed two state petitions for review on direct appeal and one complete round of state habeas petitions on collateral review, most of which were filed before the one-year limitation period expired. *See Gaston*, 417 F.3d at 1034-35 (petitioner was not entitled to equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities); *Corral v. Evans*, No. C 07-05383 SBA (PR), 2009 WL 331536, at *3-4 (N.D. Cal. Feb. 11, 2009) (the petitioner's conclusory claim of ongoing mental and physical disabilities was insufficient to warrant equitable tolling because it "did not stop him from actually filing multiple state habeas petitions, nor did they prevent him

from filing [his] federal habeas petition"); *Williams v. Hubbard*, No. CIV S-07-2077 GEB GGH P, 2009 WL 113640, at *3 (E.D. Cal. Jan. 16, 2009) (the petitioner's "self-described 'mental coma' [by way of his own declaration, was] not sufficient to justify an evidentiary hearing" and there was insufficient evidence "that a mental illness prevented him from managing his [legal] affairs . . . and acting upon them"); *Morgan v. Mitchell*, No. C 07-6477 CRB (PR), 2008 WL 5234253, at *3 (N.D. Cal. Dec. 16, 2008)(equitable tolling based on mental incompetence unwarranted because "the record makes clear that [the petitioner] was able to file a habeas petition in state court before the one-year limitation period expired, and was able to file several other petitions and motions in state court before finally filing the instant petition in federal court").

Accordingly, based on a thorough review of the facts asserted in Petitioner's state and pending federal petitions, Petitioner's alleged mental illness was not the "but for" cause of his failure to file a timely federal habeas action, and he is not entitled to equitable tolling. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997); *Gaston*, 417 F.3d at 1034.

**ORDER**

Based upon the foregoing, the Court finds the Petition, attached Memorandum, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **April 23, 2009**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a

declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: April 2, 2009

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 22 2006

ALAN SLATER, Clerk of the Court

BY: L. MA DEPUTY

Gabriel Anthony Leon
V-52863
P.O. Box 8457
Lancaster, Ca. 93539

Petitioner, In Pro-Per

IN THE SUPERIOR COURT OF ORANGE COUNTY

STATE OF CALIFORNIA

Gabriel Anthony Leon,

Petitioner,

v.

R. Wong, (Warden)

Respondent.

Case No. M-11153

Petition for Writ of Habeas Corpus with Supporting Memorandum and Points and Authorities Requesting an "Evidentiary Hearing"

I.
Introduction

Petitioner Gabriel Anthony Leon suffers from a Mental Disorder and has been hospitalized for his Mental Illness prior to the events as described herein this petition.

In fact Petitioner's Mental Disorder had contributed and resulted in the charges brought against, but his Illness was not considered by the Trial Court, and was not an "Option" for Deliberating Jurors who believed Petitioner suffer's from a Mental Disability, that did in fact contributed and resulted

Exhibit 1

The findings within P.C. 12022.53 (c) must be made at the time the jury declares the verdict in court. The Jury declares the verdict in court. The Jury's failure to make a finding on these matters, followed by the jury's discharge, operates as an acquittal. See **People v. Saunders**, (1993) 5 C4th 580, 20 CR2d 638: Jurors must be instructed on every element of the offense. **Sullivan v. Louisiana,** 508 U.S. 275 (1993):

Petitioner had recieved a 20-year prison sentence based on the unreliable finding in count-one pursuant to P.C. 12022.53 (c). Petitioner recieved a total term of 28-years plus 4 months, that resulted from trial counsel's unprofessional errors as shown herein, and there exist reasonable probabilty that, absent the errors the outcome of the jurors verdict and findings would have been different in petitioner's favor.

Furthermore, the issues argued herein and within contention one and two were not raised on Direct Appeal violating the Due Process Clause of the Fourteenth Amendment. See **Evitts v. Lucey** 469 U.S. 387 (1985).

Therefore due to the totality of facts an demonstrated herein Petitioner's Convition and Sentence must be reversed, and/or remanded to the Superior Court for an Evidentiary Hearing.

## Conclusion

Wherefore, Petitioner prays this Court will grant the relief requested within this Petition, or the relief which is appropriate by law this court deems fair and just.

Dated:

Respectfully Submitted,

______________________________

**SWORN DECLARATION BY LYNETTE WYNN**

(Pursuant to C.C.P. 446; 28 U.S.C. 1746)

I, Lynette Wynn hereby declare;

(1) That in the Year of "2004" I was Summons for "Jury Duty" in a Criminal Case.

(2) The Case involved Defendant/Petitioner "Gabriel Leon," who had been accussed of "Attempted Murder" of a Peace Officer, as well as other allegations in the Superior Court of the County of Orange.

(3) During the Trial, I and other Jurors had realized the "Evidence" that was revealed, clearly established Mr. Leon had some sort of Mental Illness, Disorder, or Defect, that had contributed to the Crimes he was being Tried For.

(4) It is my belief as well as other members of the Jury Panal that Petitioner did not "Wilfully" "Knowingly" or "Intentionally" Attempt to Murder any Peace Officer as alleged, Which is why the other Jurors and I reached a "Not Guilty" Verdict on those charges.

(5) It was also my belief and other members of the jury, that petitioner's Mental Illness, Disorder and/or Defect contributed considerably to his actions, resulting in the Criminal Allegations, and therefore it is my belief and other members of the jury, that Petitioner did not possess the "Mental Capacity" to act in a Willful or Intentional manner by "Discharging a Firearm with the willful intent to commit Murder or Assault on a Peace Officer."

(6) I did not, and do not know the Defendant, my only interest to see justice served, and the findings made by myself and other Jurors were not misunderstood.

I, Lynette Wynn hereby declare under the State and Federal Perjury Laws, that the above stated numbered paragraphs are true and correct. Signed by me under the penalty of perjury.

Dated:

Lynette Wynn, Declarant